IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM

        Plaintiff,                      No. 2:12-cv-1523 GEB GGH PS

      vs.

CITY OF SACRAMENTO, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        This action was removed from state court on June 6, 2012 by defendant City of Sacramento. Review of the state court pleadings indicates plaintiff was granted a waiver of court fees. Good cause appearing, plaintiff will be allowed to proceed in forma pauperis in this forum. See 28 U.S.C. § 1915(a).

        The court takes judicial notice of the proceedings in United States of America v. Ingram, 2:10-cr-0014 MCE-1 (E. D. Cal.) and Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD. See Fed. R. Evid. 201. In the criminal proceedings, plaintiff herein was declared incompetent and unrestorable based on mental health issues. See case no. 2:10-cr-0014 MCE-1, dkt. nos. 32, 39, 40. In the civil action, plaintiff was represented by counsel and after the declaration of incompetence in the criminal action, a guardian ad litem was appointed. See case no. 2:08-cv-2490 KJM DAD, dkt nos. 87, 88.

In this action, plaintiff is neither represented by counsel nor has a guardian ad litem been appointed. It appears from plaintiff's pleadings that there has been no change in his mental health issues since the declaration of incompetence in the criminal proceedings. An incompetent person can only proceed if represented by counsel. Johns v. County of San Diego, 114 F. 3d 874, 877 (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys."). Id. at 876); see also Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) ("it is not in the interest of minors or incompetents that they be represented by non-attorneys").

Plaintiff also requests appointment of counsel. The district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel to represent an indigent civil litigant. First, however, the court must evaluate both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See, e.g., Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). On the record before it, the court cannot find a likelihood of success on the merits. See Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984) (motions to appoint counsel granted only in exceptional circumstances and at discretion of trial court).

Of course, even persons with mental difficulties may have potentially meritorious claims which would merit court appointment of a public guardian and counsel. However, the undersigned has reviewed the rambling complaint in this case and finds the asserted claims to be fanciful and not worthy of appointment of a guardian/counsel.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.
3  Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: June 13, 2012

                                           <u>/s/ Gregory G. Hollows</u>
                                  UNITED STATES MAGISTRATE JUDGE

7  GGH:076/ingram1523.incomp.wpd